every time the district court approves selection procedures for a position would invite inefficiency, redundancy, and delay. The prospect of further delay is especially undesirable in a case already older than the average college student.

The district court order did not blatantly misinterpret the 1995 consent decree. Therefore, we have no jurisdiction under 28 U.S.C. § 1292(a)(1) to review the order at this time. Accordingly, the appeal is dismissed for lack of jurisdiction.

DISMISSED.

David C. SKRTICH, Plaintiff–Appellee,

v.

Timothy Alvin THORNTON, in his individual capacity, Jason Patrick Griffis, in his individual capacity, et al., Defendants–Appellants.

No. 00–15959.

United States Court of Appeals,
Eleventh Circuit.

Jan. 25, 2002.

Pamela Evans Langham, Langham & Langham, Ponte Vedra, FL, John F. Dickinson, Malfitano Campbell & Dickerson, Martha D. Bolton, Constangy, Brooks & Smith, LLC, Jacksonville, FL, for Defendants–Appellants.

Peter M. Siegel, Florida Justice Institute, Inc., Miami, FL, for Plaintiff–Appellee.

mean 18 interlocutory appeals in addition to the one we are considering today.

Before BLACK and BARKETT, Circuit Judges, and HOBBS *, District Judge.

BY THE COURT:

On the Court's own motion, we vacate the original opinion in this case, *Skrtich v. Thornton,* 267 F.3d 1251 (11th Cir.2001). A revised opinion will be issued in its place.

David C. SKRTICH, Plaintiff–Appellee,

v.

Timothy Alvin THORNTON, in his individual capacity, Jason Patrick Griffis, in his individual capacity, et al., Defendants–Appellants.

No. 00–15959.

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 2002.

* Honorable Truman M. Hobbs, U.S. District Judge for the Middle District of Alabama, sitting by designation.